**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HERBERT HUGH HERON,

       Plaintiff,

vs.                              CASE NO.  3:11-cv-423-J-34TEM

ANTHONY RAPPA, LISA RAPPA,
et al.,

       Defendants.

_____

## REPORT AND RECOMMENDATION[1]

    This matter is before the Court *sua sponte*.  The case came before the Court on Plaintiff's "Motion of Amended Complaints of Parties (Defendants) and Amended Relief, Constitutional Violations" (Doc. #12, Motion to Amend). The Court determined the Motion to Amend was due to be denied because the proposed amended complaint was facially deficient (*see* Doc. #19, Court Order).  Moreover, upon further review of the record as a whole, including the Motion to Amend and the multitude of attachments Plaintiff submitted with his filings, the undersigned finds the Amended Complaint (Doc. #9), which is the operative complaint in this action, is in fact subject to dismissal.

    As the Court will discuss below, Plaintiff provides specific facts as to why he seeks to sue Defendants for damages under 42 U.S.C. § 1983; however, the federal claims he asserts involve allegations of perjury or other misconduct directly related to cases in which

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

he has been convicted of state charges. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff may recover damages for such actions only if the plaintiff can show the conviction or sentence has been invalidated. Plaintiff has not claimed his conviction has been overturned (he is filing *pro se* from a state prison).

Plaintiff sues thirty-eight (38) Defendants in the Amended Complaint.[2] Preclusion from suit under *Heck* applies to all of them. Furthermore, there are additional reasons for dismissal as to certain groups of Defendants. The majority of the Defendants are protected from damage claims under the doctrines of sovereign, prosecutorial and witness immunity. Independent of the § 1983 claims, Plaintiff has failed to state a case of civil conspiracy or breach of contract cognizable in federal court.

**Background**

Plaintiff, who is an incarcerated individual proceeding in this action on his own behalf, initiated this case with the filing of the Complaint (Doc. #1) and the Motion to Proceed *In Forma Pauperis* (Doc. #2, IFP motion) on May 2, 2011. Plaintiff filed the Complaint utilizing a pre-printed form entitled "Civil Rights Complaint Form To Be Used By Prisoners In Actions Under 42 U.S.C. § 1983" (Doc. #1). In the original Complaint, Plaintiff alleged twenty-nine (29) private individuals and one private company that he named as Defendants, had "[committed] perjury of information to get money out of my company,

---

[2]Plaintiff states nineteen (19) private individuals, plus two assistant State Attorneys and one state investigator conspired against him to make the "false claims" on which he was convicted. He claims thirteen (13) additional persons gave "false statements on the witness stand." Plaintiff states a "claim" against one person, Trudy Haulsted, as having signed a complaint against him with the State Attorney.

Although the State of Florida and Detective John Gaspar are named as Defendants in the style of the case, there are no claims in the body of the Amended Complaint that are specifically addressed to either the State or Detective Gaspar.

double paid and to get me convicted, which I am appealing [my] illegal sentence" (Doc. #1 at 7).[3]   Plaintiff raised claims against each Defendant for perjury, unjust enrichment, conspiracy, breach of contract, filing a false police report, and filing illegal liens on Plaintiff's properties.  *Id.* at 8.  Plaintiff sought $25 million in damages.  *Id.* at 13.

Upon examination of the original IFP motion and the Complaint, as required under 28 U.S.C. § 1915, the Court determined there was insufficient information provided by Plaintiff to grant *in forma pauperis* status and the Complaint as drafted would be subject to dismissal.  Plaintiff was given the opportunity to cure these defects by submitting an amended affidavit of indigency with a copy of his prisoner trust account records for six months and by filing an amended complaint in conformance with the Court's order (*see* Doc. #5, Court Order).  The Court noted that although the Complaint invoked the Court's jurisdiction under 42 U.S.C. § 1983, it did not appear Plaintiff could maintain his suit in federal court based on a constitutional civil rights violation because the named Defendants were private actors, rather than state actors.  *See id.*  Title 42, United States Code, section 1983, is generally the vehicle a party uses to seek redress in federal court for a constitutional violation.  However, the statute requires the defendants act under the color of law; in other words, the defendants must be state actors.  *See Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Based on the facts set forth in the original Complaint,

---

[3]It appears from the public records of the Flagler County Clerk of Court that Plaintiff went to trial and was found guilty in two of several individual cases that were filed against him, pled no contest in the other criminal cases, then appealed his convictions and/or sentences, which were later dismissed by the Florida Supreme Court.  *See* http://www.flaglerclerk.com/ (select Records/ Court Records / Case Search / Name "Heron, Herbert" / select Case Nos. 2008 CF 000723 & 2008 CF 000726) (last visited Jan. 5, 2012); *also see Heron v. State of Florida*, 48 So. 3d 856 (Fla. 5th DCA 2010) (per curiam affirmance) (unpublished disposition, criminal appeal, lower tribunal case 08-726-CFFA).

Plaintiff could not maintain a federal action.

Plaintiff subsequently filed the Amended Complaint (Doc. #9) and an amended affidavit of indigency (Doc. #8). Plaintiff attached the requisite accounting of his prisoner trust fund to the amended affidavit of indigency. The Court construed the amended affidavit of indigency as a renewed motion to proceed *in forma pauperis* and granted the construed motion to the extent Plaintiff had provided the required documents to proceed in this action without prepayment of the entire filing fee, but he would be subject to periodic payments of an apportioned amount of the filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). (*See* Doc. #11, Court Order.)

Plaintiff's Amended Complaint was submitted on a "Civil Rights Complaint Form" designed by the Florida Department of Corrections. In the Amended Complaint, Plaintiff named the State of Florida, Detective John Gaspar, Assistant State Attorney Dennis Craig, and Assistant State Attorney Bennett R. Ford as additional Defendants in the action. *See* Amended Complaint at 1, 16. Plaintiff further added a number of other individuals as Defendants and removed a number of individuals from his list of Defendants. *See id.* Plaintiff restated the alleged claims in the Amended Complaint to include, *inter alia*, perjury by the Defendants, conspiracy by the Defendants, the filing of false police reports by various Defendants, breach of contract by various Defendants, the filing of false claims by various Defendants, and denial of his "constitutional rights" when he was not present "the day of judgment" in June 2010. *See id.* Plaintiff identifies which allegations pertain to which Defendant, or Defendants, in the Amended Complaint by setting forth separate statements of facts and / or claims particular to the named parties. *See id.*

Under liberal construction of the Amended Complaint, Plaintiff alleged a cause of

action under the auspices of 42 U.S.C. § 1983. "To state a claim under Section 1983, a plaintiff must allege: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights secured by the Constitution or laws of the United States." *Smith v. Beasley*, 775 F.Supp.2d 1344, 1352 (M.D. Fla. 2011) (citing to *Morrison v. Washington County*, 700 F.2d 678, 682 (11th Cir. 1983)). Here, Plaintiff alleged actions taken by specified state actors, and a number of private persons Plaintiff claims conspired with the State, who acting under color of state law purportedly deprived Plaintiff of recognized constitutional rights.

Plaintiff's factual allegations call into question whether his due process rights were violated. For example, as to Assistant State Attorneys Dennis Craig and Bennett Ford, Plaintiff asserts they submitted false, unsubstantiated claims to a judge without affording Plaintiff the opportunity to be present for a proper hearing. Amended Complaint at 16. Plaintiff also alleges Defendant Sidney Miller was an investigator for the State of Florida, Office of Professional Regulation, who made false statements on the witness stand against Plaintiff and his company. *Id.* at 15. *Id.* at 11. New to the Amended Complaint are Plaintiff's claims that several individual Defendants "gave false statement[s] on the witness stand against [his] company." *Id.* at 23-25.

Unlike the original Complaint, Plaintiff does not state a dollar amount for the sought damages, but instead seeks "all money back that was taken from [his] company with false statements," including a request for treble damage amounts. *Id.* at 26.

Three months after filing the Amended Complaint, Plaintiff moved the Court for leave to file a second amended complaint (Doc. #12, Motion to Amend). Plaintiff included numerous attachments with the Motion to Amend that establish Plaintiff's claims in this

action directly arise out of underlying state criminal prosecutions, the result of which led to Plaintiff's current incarceration. While several of these attachments are extraneous materials that are irrelevant to this lawsuit, a number of the attachments, when considered with the record as a whole, reveal state criminal prosecutions in which Plaintiff was charged with grand theft and misappropriation of construction funds, among other things, and for which it is now clear Plaintiff is attempting to sue the witnesses and entities related to the state proceedings.

## Standard of Review

The pleading requirements of the Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). Case law has established that the complaint must state plausible claims established by factual allegations sufficient "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556; *see also Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010). A complaint will have "facial plausibility" when a plaintiff pleads factual content sufficient for the reviewing court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Speaker*, 623 F.3d at 1380 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

All litigants, including those proceeding without benefit of legal counsel, must comply with the Federal Rules of Civil Procedure. A *pro se* litigant, such as Mr. Heron, is entitled to a liberal reading of the complaint. *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir.

1998) (internal citations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*pro se* complaints must be held to less stringent standards than formal pleadings drafted by attorneys) (internal citations omitted). Yet, a complaint "should be dismissed when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Robert v. Abbett*, No. 3:08-CV-329-WKW(WO), 2009 WL 902488, at *3 (M.D. Ala. Mar. 31, 2009) (citing *Twombly*, 550 U.S. at 558). If this deficiency is noticed, the complaint should be dismissed with a minimum expenditure of time and money by the parties and the court. *Id.* This Court finds that is especially true when a plaintiff is attempting to sue large numbers of defendants, who would then be responsible for providing a defense to the suit.

The Court's authority to dismiss an *in forma pauperis* complaint as frivolous or malicious under 28 U.S.C. § 1915 is exceptionally broad. *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). A court is required to dismiss a complaint under § 1915 at any time it is determined to be frivolous. *Holton v. Dep't of Children*, No. 4:07cv291-SPM/AK, 2008 WL 239119, at *2 (N.D. Fla. Jan. 28, 2008). A suit is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d at 925 (internal quotes and citation omitted). "A lawsuit under section 1915(d) is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Id.* Dismissal prior to service is appropriate in limited circumstances. *See Holton*, 2008 WL 239119 at *2 (finding dismissal before service the correct action when the court determines from the face of the complaint that the factual allegations are baseless or the legal theories are "indisputably meritless"); *but see Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976) (admonishing courts to be sensitive that injustices do occur and *pro se* prisoner complaints

should not be dismissed prematurely).

**Analysis Under _Heck v. Humphrey_**

In this lawsuit, Plaintiff seeks monetary damages for the alleged wrongs he claims violated his constitutional rights and have cost him financially. However, because each of Plaintiff's claims is related to state criminal cases in which he was convicted, those claims are foreclosed from federal litigation. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("A claim for damages bearing [a] relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983."); *also see Preiser v. Rodriguez*, 411 U.S. 495, 499 (1973) ("... a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"). Review of the attachments to Plaintiff's Motion to Amend, as well as the attachments to the various pleadings Plaintiff has filed in this case, reveals Plaintiff is now attempting to sue everyone who had anything to do with his 2008 criminal prosecutions. *See Adamson v. De Poorter*, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (stating that documents attached to the pleadings as exhibits may be considered if they are central to the plaintiff's claims and the authenticity of the documents is not challenged) (internal citation omitted).[4] Such actions normally will not stand. *See Stricker v. Ganey*, No. 8:09-CV-1875-T-27TGW, 2010 WL 2640320 (M.D. Fla. Jun. 10, 2010) (finding most claims were foreclosed by *Heck v. Humphrey* when the court determined that the *pro se* plaintiff had filed a section 1983 lawsuit against "virtually everyone he thought

---

[4]Unpublished opinions may be cited as persuasive on a particular point. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

played a role in his arrest, detention and conviction").

Review of the Florida Department of Corrections website reveals Plaintiff currently is serving a number of consecutive sentences for his convictions of grand theft and construction funds fraud in several cases that were prosecuted in Flagler County, Florida. *See* http://www.dc.state.fl.us/inmateinfo/inmateinfomenu.asp (search Inmate Population Information Search / "Heron, Herbert") (last visited Jan. 5, 2012); *also see Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (finding it proper for the district court to take judicial notice of public records that were "not subject to reasonable dispute because they were capable of accurate and ready determination by resort to sources whose accuracy could not be reasonably questioned") (internal quotations and citations omitted); *Ronet v. Clerk of the Thirteenth Judicial Circuit Court In and For Hillsborough Cnty.*, No. 6:08-cv-1748-Orl-31KRS, 2008 WL 5110820 (M.D. Fla. Dec. 2, 2008) (noting the court may consider records outside the pleadings when determining whether a complaint under § 1915 should be dismissed as frivolous or malicious) (internal citations omitted). Examination of the Flagler County Circuit Court's public records reveals Plaintiff faced these criminal charges, and others, that stemmed from an initial Charging Affidavit naming fourteen victims, seven of whom Plaintiff has sued in this litigation. *See* http://www.flaglerclerk.com/ (select Records / Court Records / Case Search / Name "Heron, Herbert") (last visited Jan. 5, 2012); *also see State of Florida v. Heron*, Case No. 2007-CF-000892, Form 798, Seventh Judicial Circuit 707 Charging Affidavit, dated October 2, 2007(unpublished) (docketed Oct. 3, 2007).

Further research into the felony criminal cases that were brought against Heron by Informations filed in 2008 in the Circuit Court of the Seventh Judicial Circuit, In and For

Flagler County, Florida, revealed another thirteen of the Defendants in this litigation were listed as victims of Plaintiff's criminal activities. *See State of Florida v. Heron*, Case Nos. 2008-CF-000722, 2008-CF-000724, et al. (Fla. 7th Cir. Ct.2008) (unpublished Amended Informations dated Jul. 9, 2008, listing victims).[5] It appears from the public records of the Flagler County Clerk of Court that Plaintiff went to trial and was found guilty in two of several individual cases that were filed against him, then he pled no contest to the charges in the remaining cases. *See* http://www.flaglerclerk.com/ (select Records/ Court Records / Case Search / Name "Heron, Herbert" / select Case Number 2008 CF 000723) (last visited Jan. 5, 2012). A no contest plea in a criminal case has the same effect as a plea of guilty. *Morrish v. Sec'y, Dep't of Corrections*, No. 2:07-cv-269-FtM-36SPC, 2010 WL 2540493 (M.D. Fla. Jun. 22, 2010) (citing *Hudson v. United States*, 272 U.S. 451 (1926)).

Thus, on close review of the case record as whole and the public records discussed above, it appears Plaintiff's claims in the Amended Complaint are subject to dismissal. Plaintiff's complaint fails to pass muster under *Heck v. Humphrey.* In *Heck*, the Supreme

---

[5]The following nineteen (19) Defendants are listed in the same order they appear in the Amended Complaint. The second column reflects the Flagler County case numbers in which the named individuals were listed as victims, and Heron was found guilty or pled no contest to either grand theft or fraud involving construction funds.

| | |
|---|---|
| Anthony and Lisa Rappa | 2008-CF-000726 |
| Raven and Sam Sword | 2008-CF-000722 |
| Josef and Alexandra Fortun | 2008-CF-000724 |
| Donovan and Patricia Williams | 2008-CF-000727 |
| Peter and Valentine Nesteruk | 2008-CF-001431 |
| Rajeen Vohra | 2008-CF-000734 |
| Brenda Shakes | 2008-CF-000729 |
| Alfred and Desiree Mascola | 2008-CF-000735 |
| Loretta Calco and Sebastiano Calco | 2008-CF-000728 |
| Lloyd and Natalie Krassner | 2008-CF-000726 |
| Mr. Stokes | 2008-CF-000725 |

Court held § 1983 claims by a convicted plaintiff for alleged constitutional harms are barred if recovery on the claims would necessarily imply that the conviction was unlawful. *Heck v. Humphrey,* 512 U.S. at 486-87. It is in precisely this posture that Plaintiff has made his claims. Under *Heck*, Plaintiff is required to make a showing that his convictions, sentences, or other criminal judgments related to this lawsuit were reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. *Id.* Because Plaintiff has failed to make this showing, no cause of action under § 1983 exists. *Id.* at 489.

The *Heck* preclusion applies if a suit for damages would necessarily call into question the validity of a conviction. There are, however, limited circumstances in which a suit for damages would not call the validity of a conviction into question. For example, in *Smithart v. Towery*, 79 F.3d 951 (9th Cir. 1996), the court held that under *Heck* a convicted prisoner could not pursue damages from defendants he alleged conspired to bring unfounded charges of assault with a deadly weapon, but he could sue for use of excessive force in accomplishing his arrest. *Id.* at 952-53. Also, in some situations a prisoner complaining of a Fourth or Fifth Amendment violation, such as an illegal search, could sue for damages if a successful result would not necessarily impeach the conviction because the conviction could be upheld on other grounds. *See, e.g., Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003).

"Nevertheless, not all Fourth Amendment claims fit [the *Hughes*] exception to *Heck*, rather, courts must look both to the claims raised ... and to the specific offenses for which the ... claimant was convicted." *Baxter v. Crawford*, 233 Fed. Appx. 912, 916 (11th Cir. 2007) (internal quotation marks, emphasis and citation omitted). In *Bax*ter, the court found

11

that a convicted prisoner could not challenge the search warrant or the search used to locate the cocaine for which he was convicted. *Id.* at 915-16. "As such, if Baxter were to success on his claims in the instant action, he would necessarily call into question the validity of his conviction ..." *Id.* at 916.

In this case, the record leaves no question that the Defendants whom Plaintiff is suing in the Amended Complaint are persons he claims conspired and perjured themselves at his trials, and their testimony was the basis of his convictions.[6] Plaintiff does not complain of any illegal searches or confessions,[7] but he does complain that many of the Defendants gave false statements on the witness stand, which contributed to the criminal convictions for which Plaintiff is serving time. Thus, any finding in this case that false statements, or a conspiracy to give false statements, occurred, "would necessarily imply the invalidity of [Heron's] conviction or sentence. . . ." *See Heck*, 512 at 486-87.

## Alternate Grounds for Dismissal

As discussed in more detail below, not only are Plaintiff's claims forestalled under *Heck v. Humphrey*, but the plausible federal claims in the Amended Complaint alternatively should be dismissed for failure to state a claim upon which relief can be granted or for seeking monetary relief from Defendants who are immune from such relief. 28 U.S.C. §

---

[6]As indicated, *supra*, Plaintiff was found guilty at trial and then pled *nolo contendere* in several other cases in which he was convicted and sentenced.

[7]Plaintiff makes a vague constitutional claim against Assistant State Attorney Bennett R. Ford that he submitted "false unsubstanciated (sic) claims to Judge Watson ...without me being present which was truely (sic) violations of my constitutional right." Amended Complaint at 16. Although the context in which the allegation is made indicates it occurred during the prosecution of the criminal cases, to the extent the incident actually happened and was improper the issue could have been raised in a criminal appeal or a habeas proceeding. It would still be foreclosed by *Heck.*

1915(e)(2)(ii) & (iii).  Upon determining that the federal claims should be dismissed, the undersigned also recommends the District Court decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  *See McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002) (having dismissed the federal claims in the case, the court used its discretion to decline supplemental jurisdiction over the state law claims and dismissed those as well).  Absent use of its discretion to decline supplemental jurisdiction, the undersigned recommends the District Court dismiss the state law claims as insufficiently pled.

**A.  Sovereign and Prosecutorial Immunity**

Plaintiff is suing Mr. Dennis Craig ("Craig") and Mr. Bennett R. Ford ("Ford"), Assistant State Attorneys.  Amended Complaint at 7.  Plaintiff does not indicate whether he is suing these persons in their official or individual capacities.  Plaintiff claims Craig and Ford conspired with the alleged victims in his criminal cases, withheld documents or used them to cloud the real issues, and submitted false unsubstantiated claims without a proper hearing and without Plaintiff present. *Id.* Ostensibly, Plaintiff's allegations invoke questions of due process violations.

To the extent Plaintiff seeks to sue Craig and Ford in their official capacities, such claims would be barred by the Eleventh Amendment.  It is well established that the Eleventh Amendment is an absolute bar to a § 1983 suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *Edelman v. Jordan*, 415 U.S. 651 (1974).  As the State Attorney's Office is a state agency, it is considered an "arm of the state" and therefore, a suit against the State Attorney's Office is for all practical purposes, a suit

against the state. *Rich v. City of Jacksonville,* No. 3:09-cv-454-J-34MCR, 2010 WL 4403095, at *3-4 (M.D. Fla. Mar. 31, 2010) (citing *Perez v. State Attorney's Office,* No. 6:08-cv-1199-Orl-31KRS, 2008 WL 4539430, at *2 (M.D. Fla. Oct. 8, 2008)). The same is true for the employees of the agency. *See Will v. Michigan Dept of State Police*, 491 U.S. 58, 71 (1989) (suits against state officials in their official capacities are not suits against the officials but rather are suits against the officials' offices and are no different from suits against the State).

Accordingly, this § 1983 suit against Craig and Ford in their official capacities is barred by the Eleventh Amendment unless one of three exceptions applies. The three exceptions are: (1) where a state has expressly waived its immunity; (2) where Congress has abrogated the immunity pursuant to § 5 of the Fourteenth Amendment; and, (3) where prospective injunctive relief is sought in a suit challenging the constitutionality of a state official's action. *Nicarry v. Cannaday*, No. 6:03-CV-87-ORL-28DAB, 2006 WL 3931449, at *3 (M.D. Fla. Aug. 23, 2006) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524-25 & n.2 (11th Cir. 1990)). The State of Florida has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases. *Id.* (internal citations omitted). The third exception does not apply because Plaintiff is not seeking injunctive relief, but rather seeks only monetary damages. Therefore, Craig and Ford are immune from Plaintiff's claims against them in their official capacities.

Furthermore, as to damages claims, Craig and Ford are both absolutely immune in their individual capacities to the extent their activities in Plaintiff's claims were intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *also see Williams v. Georgia*, No. CV410-042, 2010 WL 1737604, at * 1

14

(S.D. Ga. Apr. 6, 2010) (citing to *Imbler* for the proposition that an assistant district attorney for the State of Georgia was absolutely immune in his individual and official capacities from a § 1983 suit for damages).  Thus, Plaintiff cannot sue Craig or Ford in their individual capacities for the initiation or pursuit of Plaintiff's criminal prosecutions.

**B.  Absolute Immunity of Witnesses' Testimony**

Plaintiff is suing thirteen named individuals solely on the basis they "gave false statement[s] on the witness stand against [Plaintiff's] company."  Amended Complaint at 14-16.[8]  Plaintiff also sues Defendants Anthony and Lisa Rappa, Raven and Sam Sword, Josef and Alexandra Fortun, and Sidney Miller for perjury or false statements on the witness stand.  Amended Complaint at 10-13, 15.  These claims must fail.  Witnesses who testify at trail are absolutely immune from later damages claims related to their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983).  This protection for witnesses is a longstanding tradition that is "well grounded in history and reason." *Id.* at 334.  Because a "loser in one forum will frequently seek another, . . . [a]bsolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Id.* at 335, *quoting Butz v. Economou*, 438 U.S. 478, 512 (1978).  Moreover, there is no private cause of action for perjury or false declarations. *See Dodd v. Woods*, No. 8:09-cv-1872-T-27EAP, 2010 WL 3747007, at *7 (M.D. Fla. Aug. 31, 2010).  The penalty for perjury is criminal prosecution of the offense, from which witnesses do not enjoy immunity. *See Briscoe v. LaHue*, 460 U.S. at 339 n.22, 341.

---

[8]Plaintiff lists these persons as Andra Porada, Leanne Damminger, Kimberly Swanson, Barbara Bembry, Jay Maher, Carol Deangelus, Kathleen Easterday, James Amaher, Dihann Lass, Lilian Bellitto, George Chebon, Asald Ally and Ronald Paulsen.

## C.  Failure to State of Cause of Action for Civil Conspiracy

In addition to suing Sidney Miller for false statements on the witness stand, for which Mr. Miller is immune as noted above, Plaintiff sues Mr. Miller for conspiring with the State Attorney's Office.  Amended Complaint at 9.  Plaintiff asserts Mr. Miller is an investigator for the "State of Florida with the Office of Professional Regulation," who filed an unspecified report with the Office of Professional Regulation.  *Id.*  Plaintiff does not state the nature of the conspiracy.  Broadly construed, Plaintiff additionally sues Anthony and Lisa Rappa, Donovan and Patricia Williams, Peter and Valentine Nesteruk, Alfred and Desiree Mascolo, Loretta and Sebastiano Calco, Raven and Sam Sword,[9] Rajeen Vohra, and Brenda Shakes for conspiracy against Plaintiff and Plaintiff's company.  Amended Complaint at 10,13-15, 17, 19-20.  Again, the nature of the alleged conspiracy is not specified.  Plaintiff generically refers to a conspiracy between the State Attorney's Office and the alleged victims, and to a conspiracy in the making of false claims and / or reports to the police.  Amended Complaint at 10, 13-17, 19-20.

Civil conspiracy is a common law claim, in this instance subject to Florida law.[10]

---

[9]In his allegations against the Swords, Plaintiff did not use the words conspiracy or conspirator, instead he alleged the Swords had "made false claims to the police" and "were truly part of the scheming."  The undersigned finds Plaintiff's choice of words are sufficiently analogous with the term conspiracy to imply the Swords are alleged to have been conspirators in Plaintiff's eyes.

[10]As Plaintiff invoked the Court's jurisdiction under 42 U.S.C. § 1983, not 42 U.S.C. § 1985, the Court declines to infer Plaintiff intended to state a cause of action under the latter statute.  Title 42, United States Code, section 1985 serves as a basis for conspiracy to violate an individual's civil rights.  "The elements of a cause of action under § 1985(3) are: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a

"Under Florida law a civil conspiracy requires (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Metcalf v. Eckerd Youth Alternatives*, No. 8:11-cv-566-T-30EAJ, 2011 WL 3516081, at *4 (M.D. Fla. Aug. 11, 2011) (internal citation and quotation marks omitted). Here, Plaintiff has failed to allege sufficient facts to show the existence of any conspiracy, nor has he alleged the particulars of any claimed conspiracy. Plaintiff's Amended Complaint fails on the first element in a civil conspiracy claim because Plaintiff has not alleged any agreement was made among the Defendants.

Moreover, while a plausible inference from the facts stated in the Amended Complaint might suggest the alleged conspiracy was comprised of an agreement between the named Defendants and the State Attorney's Office, or an agreement among the named Defendants, to make and file false statements and complaints that would lead to Plaintiff's arrest on criminal charges, it is just as reasonable to infer the acts of the Defendants in making statements and filing complaints with the police and the State Attorney's Office were independent acts done in the furtherance of individual efforts to assert Plaintiff's

_____

citizen of the United States." *Trawinski v. United Technologies*, 313 F.3d 1295, 1299 (11th Cir. 2002). There are few recognized rights that are subject to violation under § 1985. *Bray v. Alexandria Women's Health Clinic* 506 U.S. 263, 277-78 (1993). The statute "applies only to such conspiracies as are aimed at interfering with rights ... protected against private, as well as official, encroachment." *Id.* (internal citation omitted). To date, the only protected rights are the right to be free from involuntary servitude and the right to interstate travel. *Id.* Plaintiff's claims fall outside this realm of protected rights. Moreover, "to succeed under § 1985, a plaintiff must, *inter alia*, show that there is some class-based invidiously discriminatory animus on the part of the defendant conspirators. *Morgan v. Odem*, 552 F.2d 147, 149 (5th Cir. 1977). Plaintiff Heron has not alleged he falls into any class of individuals that would form a sufficient basis for § 1985 protection. *See id.*

unlawful behavior resulted in personal losses to the Defendants who were identified as victims in the state criminal cases. "Courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Stricker v. Ganey*, 2010 WL 2640320 at *3-4 (citing *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1295 (11th Cir. 2010); *see also Dill v. Rader*, 583 P.2d 496, 499 (Okla. 1978) (finding the rules of law in a civil conspiracy case under Oklahoma law provide that "disconnected circumstances, any of which, or all of which, are just as consistent with lawful purposes as with unlawful purposes, are insufficient to establish a conspiracy"). In each instance, the actions of Defendants named as conspirators in the Amended Complaint have "obvious alternative explanations" that suggest lawful conduct. In particular, other than Sidney Miller and the Assistant State Attorneys, each of the Defendants named as conspirators was also named as a victim of Plaintiff's illegal activities in the state criminal proceedings discussed above. Mr. Miller completed and filed a report with the state agency for which he works. The other "conspirator" Defendants filed reports or claims with law enforcement officials, including local police and the State Attorney's Office, regarding the losses they suffered due to Plaintiff's illegal activities. *See State of Florida v. Heron*, Case Nos. 2008-CF-000722, 2008-CF-000724, et al. (Fla. 7th Cir. Ct.2008) (unpublished Amended Informations dated Jul. 9, 2008 listing victims).

Upon consideration, the undersigned finds Plaintiff's allegations of civil conspiracy fail to establish a *prima facie* case for this cause of action.

### D. Breaches of Contract Insufficiently Pled; Contracts Void as Against Public Policy

Outside of Plaintiff's claims of a conspiracy involving false statements or false claims

to the police and / or the State Attorney's Office, Plaintiff sues Josef and Alexandra Fortun, Lloyd and Natalie Krassner, and "Mr. Stokes"[11] for breach of contract. Amended Complaint at 12, 21-22. Plaintiff claims these individuals breached their agreements with him not to file complaints against him. *Id.*

A breach of contract is a state law claim that can only be considered in federal court if the Court's diversity jurisdiction is present or if the breach of contract is considered pursuant to supplemental jurisdiction. *See Mousa v. Lauda Air Luftfahrt*, 258 F.Supp.2d 1329 (S.D. Fla. 2003) (finding no reason to exercise supplemental jurisdiction over breach of contract claims when plaintiff failed to make a *prima facie* case of federal question jurisdiction and no independent diversity jurisdiction existed). In this case, Plaintiff is unable to establish diversity with the named Defendants, as all are residents of Florida. Thus, there is no independent jurisdiction over Plaintiff's breach of contract claims.

The District Court should decline to exercise supplemental jurisdiction as Plaintiff cannot establish a *prima facie* case for the alleged breaches, and even if he could the contracts would likely be void *ab initio*. The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Center, Inc.* 427 Fed. Appx. 714, 725 (11th Cir. 2011), *citing to Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006). Plaintiff's bald statements that these Defendants signed agreements not to file complaints against him are insufficient to establish the existence of such

---

[11]Jim and Carlon Stokes are named as victims in the criminal case of *State of Florida v. Heron*, Crim. Action No. 2008-CF-000725 (Fla. 7th Cir. Ct. 2008) (unpublished Amended Information dated Jul. 9, 2008).

contracts.  Furthermore, if such contracts were made "with the purpose and upon consideration that a criminal prosecution [would be] stifled, suppressed or stayed," those contracts might be void as against public policy.  17A C.J.S. *Contracts* § 308 (2011); *cf. Mankap Enterprises, Inc. v. Wells Fargo Alarm Servs.*, 427 So. 2d 332 (Fla. 3d DCA 1983) (finding in the civil context that "a party cannot contract against liability for his own fraud in order to exempt him from liability for an intentional tort [as] any such exculpatory clauses are void as against public policy").  It is reasonable to infer from Plaintiff's factual allegations that he entered into the referenced contracts for the purpose of avoiding or compromising the state criminal prosecutions for which he is currently incarcerated.  Thus, Plaintiff's breach of contract claims in the Amended Complaint must fail.

### E.  No Cause of Action Stated

Plaintiff lists Trudy Haulsted as a Defendant in this case, but states no cause of action against her.  Plaintiff asserts, "[S]he said the State attorney said she must sign a complaint against me, which she did also and I was arrested on my way back home."  Amended Complaint at 18.  The filing a complaint with the State Attorney, without more, is not a basis for civil litigation.

Plaintiff lists the State of Florida and Detective John Gaspar as Defendants in the style of the case.  While the claims against Assistant State Attorneys Craig and Bennet implicitly include the State of Florida, none of the claims stated in the Amended Complaint are directed specifically at Defendants Gaspar and the State of Florida.

### Conclusion

"A court must dismiss an *in forma pauperis* case at any time if the court determines

that ... the action ... is frivolous or ... fails to state a claim upon which relief may be granted."
*Cohen v. Carmel*, No. 10-22244-Civ, 2010 WL 2991558, at * 1 (S.D. Fla. Jul. 27, 2010)
*quoting* 28 U.S.C. § 1915(e)(2)(B)(I) & (ii) (internal quotations omitted).  Dismissal of an *in
forma pauperis* case may be appropriate even before service of process has been made.
*Id.*; *see also Coggins v. Kahn*, No. 3:08-CV-587-MEF, 2008 WL 3349087 (M.D. Ala. Aug.
11, 2008) (dismissal of complaint prior to service of process is appropriate under 28 U.S.C.
§ 1915(e)(2)(B) if the action is frivolous, malicious, fails to state a claim on which relief may
be granted, or seek monetary relief from a defendant who is immune from such relief).
Dismissal before service of process in this instance is particularly warranted because
Plaintiff is suing a large number of individuals who are immune from the suit.

For the reasons stated above, the undersigned believes Plaintiff has failed to state
a cognizable action under § 1983, which renders the Amended Complaint frivolous within
the meaning of 28 U.S.C. § 1915(e). Most, if not all, of Plaintiff's claims are foreclosed
under the *Heck* doctrine.  *See Sun v. Forrester*, 939 F.2d at 925; *Heck v. Humphrey*, 512
U.S. at 486-87.  On the facts presented by Plaintiff, through his numerous filings, the
undersigned believes an additional opportunity to amend the complaint would be futile,
unless his state convictions are reversed.  Thus, it is respectfully recommended the case
be dismissed and the Clerk be directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida this 6th day of February, 2012.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
The Hon. Marcia Morales Howard
*Pro Se* Plaintiff
Counsel of record, if any