**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HERBERT HUGH HERON,

    Plaintiff,

v.                                                   Case No. 3:11-cv-423-J-34TEM

ANTHONY RAPPA, LISA RAPPA, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 20; Report), entered by the Honorable Thomas E. Morris, United States Magistrate Judge, on February 6, 2012. In the Report, Magistrate Judge Morris recommended that the Court dismiss Plaintiff's federal claims as stated in the Amended Complaint (Dkt. No. 9), filed on June 27, 2011. See Report at 12-13. Magistrate Judge Morris further recommended that upon dismissal of Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Id. None of the parties has filed an objection to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de

novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge to the extent that Plaintiff's federal claims filed pursuant to 42 U.S.C. § 1983 will be dismissed in accordance with Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[1] See also Abella v. Rubino, 63 F.3d 1063, 1064-65 (11th Cir. 1995) (holding that a suit for damages pursuant to a Bivens[2] action was Heck-barred where the plaintiff asserted that the defendants "unconstitutionally conspired to convict him of crimes he did not commit" by "fabricating testimony and other evidence against him."); Baker v. City of Hollywood, 391 F. App'x 819, 821 (11th Cir. 2010); Barnes v. City of Dothan, ___ F. Supp. 2d ___, 2012 WL 274746, at *6 (M.D. Ala. Jan. 31, 2012); Leath v. Wells, No. 3:07-cv-550-J-32HTS, 2007 WL 1870739, at *2 (M.D. Fla. June 28, 2007).

Given that Plaintiff has no remaining federal claims, the Court must determine whether to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Magistrate Judge correctly found that there is no diversity of citizenship in this case; as such, the Court may entertain the remaining claims only by exercising its

---

[1] The Magistrate Judge's Report states that all of Plaintiff's claims are Heck-barred. See Report at 2. The Court addresses only whether the federal claims are Heck-barred, and does not pass on the viability of Plaintiff's state law claims. As noted, the Court finds all of Plaintiff's federal claims to be so barred.

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

supplemental jurisdiction. "The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004).  The Court may decline to exercise jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Notably, "[a]ny one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006).  However, upon determining that it has discretion under § 1367(c) to decline jurisdiction, "[a district court] should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994).

Upon due consideration, the Court finds that judicial economy and convenience would not be served by retaining jurisdiction over Plaintiff's state law claims.  Where, as here, a plaintiff's federal claims are dismissed prior to trial, the Eleventh Circuit Court of Appeals has "encouraged district courts to dismiss any remaining state claims." Raney, 370 F.3d at 1089; see also Busse v. Lee Cnty., 317 F. App'x 968, 973-74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [the appellant's] state law claims.

28 U.S.C. § 1367(c)(3). Furthermore, we expressly encourage district courts to take such action when all federal claims have been dismissed pretrial.") see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine- judicial economy, convenience, fairness, and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Upon consideration of the § 1367 factors and the "traditional rationales for pend[e]nt jurisdiction, including judicial economy and convenience," see Palmer, 22 F.3d at 1569, the Court accepts the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[3]

Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 20) is **ADOPTED AS MODIFIED** above.

2. Plaintiff's federal claims are **DISMISSED WITHOUT PREJUDICE** pursuant to the Heck rule. Plaintiff may refile these claims if, and when, he is able to demonstrate that his relevant criminal convictions have been overturned.

---

[3] The Magistrate Judge also addressed the substance of Plaintiff's state law claims in the Report. See Report at 16-20. Having dismissed Plaintiff's state law claims on jurisdictional grounds, the Court declines to address the substance of these claims.

3.  Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling those claims in the appropriate state court.

4. The Clerk of the Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of July, 2012.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

i18

Copies to:

Plaintiff